# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID RIPPER and KIMBERLY RIPPER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:18-CV-01719-MJR-RJD |
| | ) |
| LEISURE PROPERTIES, LLC, d/b/a | ) |
| CROWNLINE BOATS, | ) |
| | ) |
| Defendant. | ) |

## STIPULATED PROTECTIVE ORDER

The matter is before the Court on Defendant's Motion for Protective Order (Doc. 37). The Court finds good cause exists pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to prevent unauthorized disclosure and restrict use of confidential information during the course of this litigation. Therefore, the motion is **GRANTED** and **IT IS HEREBY ORDERED**:

1. Scope. All documents produced in discovery, including all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom, shall be subject to this Order concerning confidential information as set forth below.

2. Form and Timing of Designation. A party, or third party responding to a subpoena, may designate documents as confidential and restricted under this Order by placing or affixing the words "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit the complete removal of the CONFIDENTIAL designation. Documents shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of the documents. The designation

"CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for purposes of this litigation.

3. Documents Which May Be Designated CONFIDENTIAL. Any party or third party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure such as contractually protected information, proprietary or confidential information, financial information, sensitive business information or trade secrets, personnel records, or such other sensitive information that is not publicly available.

4. Depositions. Deposition testimony shall be deemed CONFIDENTIAL only if designated as such within 15 days of receipt of the deposition transcript, in writing. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL. Thereafter, the deposition transcripts and any portion so designated shall be protected as CONFIDENTIAL, pending objection, under the terms of this Order.

5. Drawings. All mechanical, site, architectural or similar technical drawings shall be deemed "CONFIDENTIAL" and subject to all protections set forth in this Order even absent the affixing of the term "CONFIDENTIAL" on the drawing itself by the producing party.

6. Protection of Confidential Material.
   a. General Protections. Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in paragraph 6.b for any purpose whatsoever other than to

prepare for and conduct discovery and trial in this action, including any appeal thereof.

b. Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (i)-(v). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

  i. Counsel. Counsel (or the parties and employees and agents of counsel) who have responsibility for the preparation and trial of the action;

  ii. Parties. Parties to this action, and their employees who have responsibility for the preparation and trial of this action;

  iii. Court Reporters and Recorders. Court reporters and recorders engaged for depositions in this action;

  iv. Consultants, Investigators and Experts. Consultants, investigators and experts (collectively, "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to be Bound; and

  v. Producing Third Parties. Any current or former agent, employee or representative for any third party that produced documents designated CONFIDENTIAL as to such documents.

      vi. Others by Consent. Other persons only upon the written consent of the producing party or order of the Court and such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Intent to be Bound.

      vii. Control of Documents. Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals therefrom.

7. Copies. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (collectively, "copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if that language does not already appear on the document. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information in those documents.

8. Inadvertent Production. Inadvertent production of any document or information without a designation of CONFIDENTIAL shall be governed by the applicable rules of procedure.

However, Parties may upon discovery of inadvertent production of a confidential document notify counsel and request designation as "confidential" and/or petition to the court for such designation.

9. Filing of "CONFIDENTIAL" Documents Under Seal. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

    a. Before any document marked as CONFIDENTIAL is filed under seal with the Clerk, the filing party shall first consult with the party or third party that originally designated the document as CONFIDENTIAL to determine whether, with the consent of that party, or a third party the document or a redacted version of the document may be filed with the Court not under seal.

    b. Where agreement is not possible or adequate, before a CONFIDENTIAL document is filed with the Clerk, it shall be placed in a sealed envelope marked, "CONFIDENTIAL DOCUMENTS," displaying the case name, docket number, a designation of what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the documents on the front of the envelope.

    c. To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL

documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above.

10. Challenges by a Party to Designation as Confidential. Any CONFIDENTIAL designation is subject to challenge by any party or a nonparty with standing to object (collectively, "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

11. Action by the Court. Applications to the Court for an order relating to any documents designated CONFIDENTIAL shall be by motion under the applicable rules of procedure and local rules of the Court. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

12. Use of Confidential Documents or Information at Trial. All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL documents or information derived therefrom, such party shall use good faith efforts to provide advance notice to the other party or third party which produced such document or information at least five (5) days before the commencement of trial by identifying the documents or other information at issue as specifically as

possible (i.e., by Bates number, page range, deposition transcript line, etc.) without divulging the actual CONFIDENTIAL documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

Notwithstanding anything in this Order or this paragraph to the contrary, nothing in this Order, nor any "CONFIDENTIAL" designation, shall themselves in any way affect or limit the admissibility of any evidence at trial or otherwise, regardless of whether or not the five-day notice provided for herein is given, so long as the party seeking to admit such CONFIDENTIAL material has made a good faith attempt to comply with this paragraph.

13. Obligations on Conclusion of Litigation.

    a. Order Remains in Effect. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of judgment not subject to further appeal.

    b. Return of CONFIDENTIAL Documents. Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL under this Order, including copies as defined in paragraph 6.d, shall be returned to the producing party unless: (1) the document has been offered into evidence or is filed with the Court without restriction as to disclosure; OR (2) the party in possession of such document(s) elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements, counsel may retain attorney work product, including one copy of materials designated CONFIDENTIAL. This work product shall continue to be CONFIDENTIAL under this Order.

c. Return of Documents filed under Seal. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

d. Order Subject to Modification. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

e. No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under applicable law until such time as the Court may rule on a specific document or issue.

f. Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED.**

**DATED: January 28, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

ATTACHMENT A
ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof; and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Court herein in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use those documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

                            _____

Date: _____

_____
Signature