IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID RIPPER and KIMBERLY RIPPER, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 18-CV-1719-SMY-RJD ) ) |
| LEISURE PROPERTIES, LLC, | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are the Motion to Dismiss filed by Defendant Leisure Properties, LLC ("Leisure") (Doc. 46) and the Motion to Dismiss filed by Plaintiffs, David and Kimberly Ripper (Doc. 50). For the following reasons, Leisure's Motion is **DENIED as MOOT** and the Rippers' Motion is **GRANTED** over Leisure's objections.

## Procedural and Factual Background

According to the Amended Complaint (Doc. 44), Plaintiffs David and Kimberly Ripper purchased a 2014 Crownline Cruiser 350 boat for $232,357.10 from Wilson Marine Corp. at a boat show in Detroit, Michigan on February 28, 2014. They took delivery of the boat on April 18, 2014. Almost immediately, they noticed various problems with the boat: non-functioning appliances; a defective tachometer; an inaccurate fuel gauge; and, an under-performing engine. By February 2015, Crownline, the manufacturer, transported the boat to its factory to make repairs and returned it to the Rippers in May 2015. The Rippers continued to have issues with the boat including water leaks, engine failure, defective gauges, and various cosmetic defects. Crownline made no further repairs to the boat. The Rippers consulted an expert about the problems with the

boat. He concluded that they stem from a lightning strike prior to the purchase of the boat that could have easily been averted by the installation of a lightning protection system.

The Rippers filed an eight count Complaint in the Circuit Court of Wayne County, Michigan against Leisure Properties, LLC ("Leisure"), d/b/a Crownline Boats on April 20, 2018 (Doc. 1-1). They asserted breach of warranty claims under Michigan state law and the Magnuson-Moss Warranty Act and violations of Michigan's Consumer Protection Act. Leisure removed the case to the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. §§ 1332 and 1441 on the bases of diversity and federal question jurisdiction. The case was transferred to this Court on September 11, 2018, because of an enforceable forum selection clause contained in the boat's Owner's Manual (Doc. 9).

After the case was transferred, the discovery deadline was set for September 6, 2019 (Doc. 40). The Rippers were subsequently granted leave to amend the complaint, which they did on March 9, 2019 (Doc. 44). This matter is set for a jury trial on January 27, 2020 (Doc. 49).

The Amended Complaint dropped the Michigan state law claims and contains two counts for breach of warranty under the Magnuson-Moss Warranty Act and Illinois law, and violations of Illinois' Consumer Fraud and Deceptive Business Practices Act (Doc. 44). In Count 1, the Rippers allege that the boat "was not fit for one or more of the ordinary purposes for which boats are used" and that Leisure breached its written warranty and implied warranty of merchantability by failing to make necessary repairs and for selling an unfit boat. 810 ILL. COMP. STAT. § 5/2-314. In Count 2, the Rippers allege that Leisure's agent (i.e. Wilson Marine Corp.) used deception and fraud in order to sell the boat by falsely promising that the boat would be detailed and immaculately inspected prior to delivery and by failing to disclose obvious defects. 815 ILL. COMP. STAT. § 505/2.

## Discussion

Leisure's motion to dismiss (Doc. 46) argues the Rippers fail to state a claim and lack standing to assert claims under Illinois law. The Rippers did not respond to the Motion, but instead, and within the time period for a response, filed a motion seeking dismissal without prejudice so that they may refile the case in Michigan against Wilson Marine Corp. Leisure objects to dismissal without prejudice, arguing it will be unduly prejudiced if the Rippers are allowed to refile their lawsuit in another jurisdiction.

The dismissal of a plaintiff's Complaint without prejudice under Rule 41(a)(2) is within the district court's sound discretion. *See Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). In deciding whether to grant a Rule 41(a)(2) motion to dismiss, courts should consider a variety of factors, including: (1) a defendant's effort and resources already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by defendant. *Id.*, at 56. There is no mandate that each and every factor be resolved in favor of the moving party before dismissal is appropriate; the factors are merely a guide for the courts.

Here, Leisure opposes dismissal without prejudice on several grounds. It argues the Rippers lacked diligence in bringing their motion, that they are attempting to forum shop by dismissing their claims here and refiling them in Michigan, that they it has already expended significant resources in defending this matter, and that it has filed a dispositive motion to dismiss that should result in dismissal with prejudice. In support, Leisure relies on *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924 (7th Cir. 2007).

In *Wotjas*, a breach of fiduciary action, the plaintiffs sought dismissal without prejudice of

a case that was time-barred in Wisconsin in order to file suit in Illinois, which has a longer statute of limitations. *Id*. at 925-926. Their motion was filed after the defendant filed a motion for judgment on the pleadings setting forth the statute of limitations defense. The Seventh Circuit affirmed the denial of plaintiffs' motion to dismiss because defendant "having acquired a right to assert the statute of limitations bar by operation of Wisconsin law, would suffer plain legal prejudice if the [plaintiffs'] motion for voluntary dismissal were granted." *Id*. at 927-928.

Unlike in *Wotjas*, the relevant factors in this case weigh in favor of voluntary dismissal. This litigation, although pending since June 4, 2018, it is not at an advanced stage procedurally. Discovery is still on-going and trial is not set until 2020. While Leisure has expended effort in motion practice and discovery, such efforts do not outweigh Plaintiff's right to seek dismissal of their case. As Leisure points out, it has not "had the opportunity to even substantively answer any of the Plaintiffs' claims" because this matter is still at the pleading stage. And, although there has been some delay in the progress of this case, it has not been excessive or due to lack of diligence.

Finally, no plain legal prejudice would ensue with dismissal. Contrary to Leisure's presumption, it is not a foregone conclusion that its motion to dismiss would be granted or that it would be conclusively dispositive. Accordingly, Plaintiff's Motion to Dismiss pursuant to Rule 41(a)(2) (Doc. 50) is **GRANTED**. This matter is **DISMISSED without prejudice**. Leisure's Motion to Dismiss (Doc. 46) is **DENIED as MOOT**.

**IT IS SO ORDERED.**
**DATED: June 10, 2019**

**STACI M. YANDLE**
**United States District Judge**